**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEEUN FRIEL, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>DAPPER LABS, INC. and ROHAM GHAREGOZLOU,<br><br>　　　　　Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

　　　　Defendant Dapper Labs, Inc. ("Dapper Labs") by and through their undersigned attorneys, herby remove the action identified as *Jeeun Friel v. Dapper Labs, Inc., et al.,* No. 653134/2021 from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

　　　　This civil action is removed under 28 U.S.C. §§ 1332, 1441, 1446, 1453. For the reasons set forth below, this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Additionally, as required by 28 U.S.C. § 1446(a), all process, pleadings and orders served on the Defendant in the action to date are attached hereto.

　　　　As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), the Defendant states as follows:

## I. PROCEDURAL BACKGROUND

1. On May 12, 2021, Plaintiff Jeeun Friel commenced a civil action by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York. A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2. Plaintiff alleges that Defendant violated Sections 5 and 12(a)(1) of the Securities Act of 1933 (the "Securities Act") by actively promoting, offering, and selling digital collectibles known as NBA Top Shot Moments (or "Moments"). *See* 15 U.S.C. §§ 77e(a), (c), and b(a)(1).

3. Plaintiff styles the Complaint as a putative class action, purporting to sue on her own behalf and "all others similarly situated." In particular, Plaintiff seeks to certify a class of "[a]ll persons other than Defendant who purchased or otherwise acquired Moments during the Class Period, and were damaged thereby[.]" Compl. ¶ 83. Plaintiff seeks "rescissory damages with respect to Moments purchased during the Class Period." *Id.* ¶ 95.

4. In filing this Notice of Removal, Defendant does not waive their right to move to compel arbitration of this dispute pursuant to the arbitration provision of the NBA Top Shot Terms of Use.

## II. TIMELINESS OF REMOVAL

5. The Defendant's time to respond to the Complaint by answer or motion to dismiss has not expired and the Defendant has not served or filed any answers or motions.

6. The filing of the Defendant's Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Defendant has filed it within 30 days of their receipt of the Complaint by filing in the state court action.

### III. BASIS FOR REMOVAL

7. Pursuant to CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2), (2)(a), 5(B) and 1453(b). This action meets each of those three requirements, and no exceptions to CAFA's applicability apply in this case.

**A.     There Are More Than 100 Putative Class Members**

8. According to Plaintiff, "there are thousands of members in the proposed Class." Compl. ¶ 84; *see also id.* ("As of April 2021, there were over 800,000 users on NBA Top Shot[.]"). Thus, without conceding liability and while expressly disputing liability, the appropriateness of class treatment, the appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claim for relief, there are far more than 100 proposed class members for the purposes of removal under CAFA. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (finding the requirement of at least 100 members in the putative class satisfied when "the complaint plainly states that there are thousands of members."); *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-1238 JS, 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) ("the Complaint itself alleges that the proposed class amounts to 'thousands, if not more'" and thus " the class size requirement is met.").

**B.      There is "Minimal Diversity" Between the Parties as Required by CAFA**

9.      The requisite "minimal diversity" is satisfied under 28 U.S.C. § 1332(d)(2) if: (i) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (ii) "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State," or (iii) "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state."

10.     In this action, the Plaintiff is a resident of the State of Virginia. *Id.* ¶ 7. Defendant Dapper Labs is a corporation based in Vancouver, Canada. Compl. ¶ 8[1]. Consequently, "minimal diversity" is satisfied on the face of the Complaint under the third prong of Section 1332(d)(2).

**C.      The Amount in Controversy Exceeds $5 Million**

11.     Without conceding liability, the appropriateness of class treatment, the appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claim for relief, as pled by Plaintiff, and while expressly disputing liability, it is apparent that the amount in controversy exceeds $5 million.

12.     "In determining the amount in controversy, courts first turn to the allegations of the plaintiff's complaint." *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 354 (E.D.N.Y. 2008). In the Complaint, Plaintiff seeks "rescissory damages with respect to the Moments purchased during the Class Period." Compl. ¶ 95. Plaintiff further claims that Defendant has sold "over $500 million worth" of Moments to date. Compl. ¶ 35. "CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000." *Blockbuster, Inc.*, 472 F.3d at 59 (citing 28 U.S.C.

---

[1] Pursuant to 28 U.S.C. §§ 1332(c) and (d)(10), a corporation or unincorporated association shall be deemed to be a citizen of the forum in which it has its principal place of business and/or in which it is incorporated or organized.

§ 1332(d)(2)(A)). Moreover, in an action seeking equitable relief, "the amount in controversy is measured by the value of the object of the litigation." *Sills v. Ronald Reagan Presidential Found., Inc.*, No. 09-1188, 2009 WL 1490852, at *4 (S.D.N.Y. May 27, 2009). Accordingly, as alleged by Plaintiff, the aggregate value of the claims of the putative class plainly exceed $5 million.

## IV. VENUE

13. Removal to this judicial district is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was originally pending in this judicial district – namely, the Supreme Court of the State of New York, County of New York.

## V. NOTICE OF FILING OF REMOVAL

14. Contemporaneously with the filing of this Notice of Removal, the Defendant is filing a true and correct copy of this Notice of Removal and all documents filed in support thereof and concurrently therewith the clerk of the Supreme Court of the State of New York, County of New York under 28 U.S.C. § 1446(d). The Defendant will also serve all parties with a copy of this Notice of Removal.

WHEREFORE, the Defendant respectfully requests that the above-referenced State Court Action be removed be removed from the Supreme Court of the State of New York, County of New York, and that this honorable Court accept jurisdiction of the case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 7, 2021 | PAUL HASTINGS LLP |
|  | By:    */s/ Kenneth P. Herzinger* <br>        Kenneth P. Herzinger |

Kenneth P. Herzinger
101 California Street
Forty-Eighth Floor
San Francisco, California 94111
Telephone: 1(415) 856-7000
kennethherzinger@paulhastings.com

Zachary Zwillinger
200 Park Avenue
New York, New York 10166
Telephone: 1(212) 318-6000
zacharyzwillinger@paulhastings.com

*Attorneys for Defendant Dapper Labs, Inc.*