UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEEUN FRIEL, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>DAPPER LABS, INC. AND ROHAM GHAREGOZLOU,<br><br>        Defendants. | Case No.: 1:21-cv-05837-VM |

## ANSWER OF DEFENDANTS DAPPER LABS, INC. AND ROHAM GHAREGOZLOU TO PLAINTIFFS' AMENDED COMPLAINT

## PRELIMINARY STATEMENT

Digital basketball cards are collectibles.  They are not "investment contracts" and thus are not "securities" under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946).  People who buy digital basketball cards are fans and collectors, not investors.  NBA Top Shot Moments are simply modernized trading cards.  They are consumer goods, not financial instruments.  And unlike securities, Moments are unique in nature, non-fungible, and have differing values based on any number of factors, including the sports player and highlight depicted in the NFT.

1.      **Dapper Labs**.  Dapper Labs ("Dapper") sells digital basketball cards called NBA Top Shot Moments.  Moments feature a short video clip of an exciting highlight play from a NBA or WNBA game, and are accompanied by statistics about the player and the game.  Each Moment has a unique card number.  Like physical basketball cards, Moments are sold in "packs," a random selection of cards that are revealed to a collector only when they are opened.

2.      Moments are a type of consumer good sold digitally as "non-fungible tokens," or NFTs.  They reside on the Flow blockchain.  The Flow blockchain is not a "private blockchain." The Flow blockchain is a permissionless, open-source, ***public*** digital ledger that, among many other things, records the ownership and transfer of Moments.

3.      Collectors own the Moments they acquire.  Collectors have the right to swap a Moment, sell it, burn it, exchange it, upgrade it, or give it away.  These transactions may, but need not, occur on Dapper's peer-to-peer Marketplace (the "Marketplace").  Collectors can sell or trade Moments outside of the Marketplace, including on third-party marketplaces.

4.      A collector who buys a Moment acquires significant intellectual property rights. Each Moment provides its owner a worldwide, non-exclusive, non-transferable, royalty-free license to ***use, copy, and display the Art for their Purchased Moment*** for personal, non-

2

commercial use, among other uses.  For example, a consumer could print a banner with their favorite LeBron James Moment to unfurl at a Lakers game.

5.      A Moment's value is not directly correlated with Dapper's profitability, the value of FLOW tokens, or the value of other Moments.  Instead, factors such as player popularity, player performance, type of play, and player injuries drive the value of each Moment.  Collectors' personal preferences to collect, display, or swap particular Moments for consumptive use (as opposed to potential investment purposes) are also key.  Lead Plaintiff Leuis' PSLRA certification, for example, shows that he likes to collect Moments for players from his hometown New York Knicks.

6.      Unlike a cardboard basketball card, which could be damaged or lost, Moments exist, unblemished in perpetuity–and independent of any seller.  If Dapper disappeared tomorrow, Moments would persist on the Flow blockchain, which Dapper does not control.  Consumers would retain their intellectual property rights in their Moments, and they would be able to view, buy, sell, gift, or otherwise transfer their Moments.

7.      A third party custodies money held in collectors' Dapper wallets, for the benefit of those collectors.  Dapper does not hold collectors' money, and it cannot use collectors' resources to fund its operations or raise capital.

8.      Dapper is well capitalized.  It has raised outside capital based on the value of its technology and its exclusive agreements and licenses.  The Complaint allegations that Dapper retains collectors' cash to "raise money at a high valuation," like many other allegations in the Complaint, are false.  Temporary delays in disbursing customer funds occurred in early 2021 as Dapper worked to scale its staff to meet rapidly increased demand for Moments and associated transactions.  These delays had nothing to do with the price or market for Moments.  They occurred

so that Dapper could ensure the safety and security of the Marketplace, including by performing Know-Your-Customer and Anti-Money Laundering checks.

9.     **Flow Blockchain**.  Flow is a permissionless ***public*** blockchain.  Dapper does not control the Flow blockchain.  Flow's software and code are open-source.  Anyone can deploy smart contracts and build experiences on the Flow blockchain.  Dapper need not, and functionally cannot, decide who deploys what projects on Flow.  Thousands of third-party developers have developed and launched decentralized applications ("dApp") on the Flow blockchain.  NBA Top Shot is simply another dApp on the Flow blockchain.  Of the more than 2,500 smart contracts on the Flow blockchain, 99% are from unrelated third parties.

10.     The Flow blockchain relies on a network of nodes to track the distributed ledger and perform network tasks.  A large majority (two-thirds or more) of Flow network consensus nodes essential for extending blocks on-chain are opened by entities or individuals other than Dapper.

11.     The Flow blockchain would continue to exist in perpetuity even if Dapper ceases to exist.

## RESPONSES TO PLAINTIFFS' ALLEGATIONS

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Dapper Labs, Inc. ("Dapper"), and Roham Gharegozlou ("Gharegozlou") (collectively, "Defendants"), by their attorneys, Paul Hastings LLP, hereby answer and assert defenses to the Amended Complaint (the "Complaint") of Lead Plaintiff Gary Leuis and named plaintiff John Austin, individually and on behalf of all others similarly situated ("Plaintiffs"), and respond to Plaintiffs' allegations.

Except as otherwise expressly admitted below, Defendants deny each and every allegation of the Complaint and specifically deny any liability to Plaintiffs.[1]

The preamble to the Complaint contains legal conclusions and characterizations that require no response. To the extent the preamble to the Complaint contains factual allegations or otherwise requires a response, Defendants admit that Plaintiffs purport to bring the described action, but deny the remaining allegations in the preamble to the Complaint and deny any and all liability.

1.      Paragraph 1 of the Complaint contains legal conclusions that require no response. To the extent that paragraph 1 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that Dapper sells digital collectibles known as NBA Top Shot Moments, but otherwise deny the allegations in paragraph 1 of the Complaint, and deny any and all liability.

2.      Defendants deny that Moments are digital assets or crypto assets, and that, to the extent alleged, blockchains can only record transactions. Defendants otherwise admit the allegations in paragraph 2 of the Complaint.

3.      Defendants deny the allegations in paragraph 3 of the Complaint.

---

[1] Defendants also deny all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs.

4.      Defendants admit that the blockchains underlying Bitcoin and Ethereum are examples of blockchain technologies, as alleged in sentence one of paragraph 4 of the Complaint.  The remaining allegations in paragraph 4 of the Complaint contain arguments, opinions, and legal conclusions that require no response.  To the extent the remaining allegations in paragraph 4 of the Complaint contain factual allegations or otherwise require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint and therefore deny them.

5.      Paragraph 5 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 5 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore deny them, except admit that that no registration statement was filed for NBA Top Shot Moments, because no registration statement was required.

6.      Defendants deny the allegations in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint is a legal argument that requires no response.  To the extent that paragraph 7 of Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint is a legal argument that requires no response.  To the extent that paragraph 8 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 8 of the Complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore deny them.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore deny them.

11.     Defendants admit the allegations in sentence one of paragraph 11 of the Complaint.  Defendants deny the allegations in sentence two of paragraph 11 of the Complaint to the extent they characterize Dapper as solely a blockchain-focused technology company.  As to sentence three of paragraph 11 of the Complaint, Defendants admit that Dapper has several employees based in New York, and that Dapper is a licensee of the NBA's content, but otherwise deny the allegations in sentence three of paragraph 11 of the Complaint and specifically deny any alleged wrongful conduct.

12.     Defendants admit that Mr. Gharegozlou is a co-founder and the CEO of Dapper.  Defendants deny the allegations in paragraph 12 of the Complaint to the extent they allege that Mr. Gharegozlou was the sole founder of Dapper.

13.     Paragraph 13 of the Complaint is a legal conclusion that requires no response.  To the extent that paragraph 13 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint is a legal conclusion that requires no response.  To the extent that paragraph 14 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains legal conclusions that require no response.  To the extent that paragraph 15 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 16 of the Complaint contains factual allegations or

otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore deny them.

17.     Paragraph 17 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 17 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore deny them.

18.     Paragraph 18 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 18 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore deny them.

19.     Paragraph 19 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 19 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore deny them.

20.     Paragraph 20 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 20 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore deny them.

21.     Paragraph 21 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 21 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore deny them.

22.     Paragraph 22 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 22 of the Complaint contains factual allegations or otherwise requires a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore deny them.

23.     Paragraph 23 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 23 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore deny them.

24.     Paragraph 24 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 24 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore deny them.

25.     Paragraph 25 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 25 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore deny them.

26.     Paragraph 26 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 26 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore deny them.

27.     Paragraph 27 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 27 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that CryptoKitties utilize smart contracts, and that the Dapper website includes a page with the statement "collect and breed digital cats with CryptoKitties."  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the webpage itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 27.  Defendants deny any allegations or characterizations based on this webpage, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this webpage.  Defendants otherwise deny the allegations in paragraph 27 of the Complaint.

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 29 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that CryptoKitties is a popular blockchain game.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two of paragraph 29 of the Complaint and therefore deny them.  As to sentences three and four of paragraph 29 of the Complaint, Defendants admit that paragraph 29 partially quotes two articles published by third parties.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the articles themselves for a complete and accurate depiction of their contents and the context of the partial quotations found in paragraph 29.  Defendants deny any allegations or characterizations based on these articles, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of these articles.  Defendants otherwise deny the allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Defendants admit that paragraph 31 partially quotes from an article published by a third party purporting to transcribe an interview of Mr. Gharegozlou.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the interview itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 31.  Defendants deny any allegations or characterizations based on this interview, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this interview.  Defendants otherwise deny the allegations in paragraph 31 of the Complaint.

32.     Defendants admit that Dapper announced it was developing Flow in September 2019 and that the protocol would be a Proof-of-Stake consensus algorithm.  Defendants otherwise deny the allegations in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 33 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore deny them.

34.     Paragraph 34 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 34 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore deny them.

35.     Paragraph 35 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 35 of the Complaint contains factual allegations or otherwise requires a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore deny them.

36.     Paragraph 36 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 36 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants admit that paragraph 37 partially quotes a page of the Flow.com website.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the webpage itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 37.  Defendants deny any allegations or characterizations based on this webpage, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this webpage.

38.     Defendants admit that paragraph 38 partially quotes a page of the Flow.com website.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the webpage itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 38.  Defendants deny any allegations or characterizations based on this webpage, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this webpage.

39.     Defendants admit the allegations in paragraph 39 of the Complaint.

40.     Defendants admit that an historic version of the onflow.org website listed nine "[b]ackers" who owned at least 10 million FLOW tokens at Genesis.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the webpage itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 40.  Defendants deny any allegations or characterizations based on this webpage, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this webpage.  Defendants otherwise deny the allegations in paragraph 40 of the Complaint.

41.     Defendants admit that an historic version of the onflow.org website stated that 350 FLOW tokens were set aside for "ecosystem development," that "approximately 95 million FLOW tokens have been granted…to the ~90 individuals…responsible for building Flow and associated tools and applications," and that "an additional 130 million tokens are set aside for ongoing grants to support the development of the Flow network and fund ongoing contributions to Flow core as well as *other open source* components of the Flow ecosystem." (emphasis added).  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the webpage itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 41.  Defendants deny any allegations or characterizations based on this webpage, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this webpage.  Defendants otherwise deny the allegations in paragraph 41 of the Complaint.

42.     Defendants admit that paragraph 42 partially quotes a page of the Flow.com website.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the webpage itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 42.  Defendants deny any allegations or characterizations based on this webpage, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this webpage.  Defendants otherwise deny the allegations in paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 43 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that FLOW tokens were

reportedly listed outside the United States on CoinList from September 21 to October 21, 2020. Defendants otherwise deny the allegations in paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 44 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that FLOW tokens were offered for sale outside of the United States in two phases: a "community sale," during which purchasers could acquire up to 10,000 FLOW tokens at $0.10 per token; and an auction phase, during which purchasers could submit bids for a block of 25 million available FLOW tokens. Defendants otherwise deny the allegations in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 45 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that the sale of FLOW tokens raised approximately $18 million.  Defendants otherwise deny the allegations in paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 46 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that United States residents were not allowed to participate in the sale of FLOW tokens.  Defendants otherwise deny the allegations in paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 47 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that United States residents were not allowed to participate in the sale of FLOW tokens and that no registration

statement was filed for FLOW tokens, because none was required.  Defendants otherwise deny the allegations in paragraph 47 of the Complaint.

48.      Paragraph 48 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 48 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that FLOW was listed on the following cryptocurrency exchanges, which excluded United States residents: Kraken in January 2021, OKEx in February 2021, and Binance in July 2021.  Defendants otherwise deny the allegations in paragraph 48 of the Complaint and specifically deny that Dapper had any role in FLOW being listed on these exchanges.

49.      Defendants deny the allegations in paragraph 49 of the Complaint.

50.      Paragraph 50 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that sentence one of paragraph 50 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that NBA Top Shot offers digital basketball cards called Moments to United States residents, among others, and that Moments can be sold or traded through a variety of avenues.  Defendants otherwise deny the allegations in paragraph 50 of the Complaint.

51.      Paragraph 51 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 51 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that NBA Top Shot is a platform built on the Flow blockchain but deny that it is controlled by Dapper, admit that NBA Top Shot was announced in July 2019, and admit that consumers can purchase digital basketball cards known as "Moments" on NBA Top Shot and that Dapper is a licensee of the NBA's

content.  Defendants otherwise deny the allegations in paragraph 51 of the Complaint and specifically deny that any joint venture exists between Dapper, the NBA, and the NBPA.

52.     Defendants admit the allegations in paragraph 52 of the Complaint.

53.     Defendants admit that Dapper is a licensee of the NBA's content and the allegations in paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 54 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that the Flow blockchain permanently records ownership, transfer, and price information, among other attributes, of Moments.  Defendants also admit that Moments are non-fungible, meaning they are unique.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore deny them.

55.     Defendants admit that an owner of a Moment owns the NFT as reflected on the Flow blockchain.  Defendants otherwise deny the allegations in paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 56 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that Dapper sells digital packs of NBA Top Shot Moments but otherwise deny the allegations in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 57 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 58 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 59 of the Complaint contains factual allegations or otherwise requires a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of paragraph 59 of the Complaint and therefore deny them.  As to sentence two of paragraph 59 of the Complaint, Defendants admit that paragraph 59 partially quotes an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 59.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 59 of the Complaint.

60.     Defendants admit that paragraph 60 purports to cite an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial citation found in paragraph 60.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 60 of the Complaint.

61.     Defendants admit that paragraph 61 partially quotes an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text

of the article itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 61.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 62 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants admit that paragraph 63 quotes from a tweet by NBA Top Shot and cites to other tweets by NBA Top Shot.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the tweets themselves for a complete and accurate depiction of their contents and the context of the partial quote and citations found in paragraph 63.  Defendants deny any allegations or characterizations based on these tweets, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of these tweets. Defendants otherwise deny the allegations in paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 64 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 65 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 65 includes a screenshot from a tweet by NBA Top Shot.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the tweet itself for a complete and accurate depiction of its contents and

the context of the screenshot found in paragraph 65.  Defendants deny any allegations or

characterizations based on this tweet, and reserve all rights with regard to the existence,

authenticity, accuracy, and admissibility of this tweet.  Defendants otherwise deny the

allegations in paragraph 65 of the Complaint.

66.     Defendants admit that NBA Top Shot generates revenue from selling Moments

but deny that NBA Top Shot itself receives a 5% transaction fee on all transactions that occur in

the secondary marketplace.  As to sentence two of paragraph 66 of the Complaint, Defendants

admit that users are assessed a fee for balance transfers but deny that Dapper itself takes a cash-

out fee.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains legal conclusions that require no

response.  To the extent that paragraph 68 of the Complaint contains factual allegations or

otherwise requires a response, Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint contains legal conclusions that require no

response.  Defendants state that the SEC "Framework for 'Investment Contract' Analysis of

Digital Assets" ("Framework") is, as stated by the SEC in the document itself, "not a rule,

regulation, or statement of the Commission" and "is not binding" on the Commission or

otherwise.  The Framework is not the law and explicitly states that it did not modify or replace

any existing laws.

70.     Paragraph 70 of the Complaint contains legal conclusions that require no

response.  Defendants state that the SEC Framework is, as stated by the SEC in the document

itself, "not a rule, regulation, or statement of the Commission" and "is not binding" on the

Commission or otherwise.  The Framework is not the law and explicitly states that it did not modify or replace any existing laws.

71.      Paragraph 71 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 71 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 71 of the Complaint.

72.      Paragraph 72 of the Complaint contains legal conclusions that require no response.  Defendants state that the SEC Framework is, as stated by the SEC in the document itself, "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and explicitly states that it did not modify or replace any existing laws.

73.      Paragraph 73 of the Complaint contains legal conclusions that require no response.  Defendants state that the SEC Framework is, as stated by the SEC in the document itself, "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and explicitly states that it did not modify or replace any existing laws.

74.      Paragraph 74 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 74 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 74 of the Complaint.

75.      Paragraph 75 of the Complaint contains legal conclusions that require no response.  Defendants state that the SEC Framework is, as stated by the SEC in the document itself, "not a rule, regulation, or statement of the Commission" and "is not binding" on the

Commission or otherwise.  The Framework is not the law and explicitly states that it did not modify or replace any existing laws.

76.    Paragraph 76 of the Complaint contains legal conclusions that require no response.  Defendants state that the SEC Framework is, as stated by the SEC in the document itself, "not a rule, regulation, or statement of the Commission" and "is not binding" on the Commission or otherwise.  The Framework is not the law and explicitly states that it did not modify or replace any existing laws.

77.    Paragraph 77 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 77 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 77 partially quotes an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial quotations found in paragraph 77. Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 78 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 78 partially quotes an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 78.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence,

authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint contains arguments, opinions and legal conclusions that require no response.  To the extent that paragraph 79 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 79 partially quotes a LinkedIn post by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the post itself for a complete and accurate depiction of its contents and the context of the partial quotations found in paragraph 79.  Defendants deny any allegations or characterizations based on this post, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this post.  Defendants otherwise deny the allegations in paragraph 79 of the Complaint.

80.     Defendants admit that paragraph 80 partially quotes from an interview of Mr. Gharegozlou.  Without admitting to any facts asserted therein, Defendants refer the Court to the full recording of the interview itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 80.  Defendants deny any allegations or characterizations based on this interview, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this interview.  Defendants otherwise deny the allegations in paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint is a legal conclusion that requires no response.  To the extent that paragraph 81 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint contains legal conclusions that require no response.  Defendants state that the SEC Framework is, as stated by the SEC in the document

itself, "not a rule, regulation, or statement of the Commission" and "is not binding" on the

Commission or otherwise.  The Framework is not the law and explicitly states that it did not

modify or replace any existing laws.

83.     Paragraph 83 of the Complaint contains legal conclusions that require no

response.  Defendants state that the SEC Framework is, as stated by the SEC in the document

itself, "not a rule, regulation, or statement of the Commission" and "is not binding" on the

Commission or otherwise.  The Framework is not the law and explicitly states that it did not

modify or replace any existing laws.

84.     Paragraph 84 of the Complaint contains arguments, opinions, and legal

conclusions that require no response.  To the extent that paragraph 84 of the Complaint contains

factual allegations or otherwise requires a response, Defendants deny the allegations in

paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint contains arguments and opinions that require no

response.  To the extent that paragraph 85 of the Complaint contains factual allegations or

otherwise requires a response, Defendants admit that paragraph 85 partially quotes an article

published by a third party.  Without admitting to any facts asserted therein, Defendants refer the

Court to the full text of the article itself for a complete and accurate depiction of its contents and

the context of the partial quote found in paragraph 85.  Defendants deny any allegations or

characterizations based on this article, and reserve all rights with regard to the existence,

authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the

allegations in paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint contains arguments, opinions, and legal

conclusions that require no response.  To the extent that paragraph 86 of the Complaint contains

factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 87 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 87 partially quotes an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 87.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 87 of the Complaint.

88.     Defendants admit that paragraph 88 partially quotes an article published by a third party purporting to quote Mr. Gharegozlou.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 88.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 89 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that one does not need to know about the FLOW token to participate in NBA Top Shot but otherwise deny the allegations in paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint contains arguments that require no response.  To the extent that paragraph 90 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 90 partially quotes from a page on the NBA Top Shot website.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the webpage itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 90.  Defendants deny any allegations or characterizations based on this webpage, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this webpage.  Defendants otherwise deny the allegations in paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 91 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 92 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Defendants admit that paragraph 95 partially quotes from a page on the NBA Top Shot website.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the webpage itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 95.  Defendants deny any allegations or

characterizations based on this webpage, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this webpage.  Defendants otherwise deny the allegations in paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 96 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 96 partially quotes an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial quotations found in paragraph 96.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 97 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 97 partially quotes an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 97.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 97 of the Complaint.

98.     Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 99 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 99 of the Complaint.

100.     Paragraph 100 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 100 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 100 partially quotes an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 100.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 100 of the Complaint.

101.     Paragraph 101 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 101 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 101 of the Complaint.

102.     Paragraph 102 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 102 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 102 of the Complaint.

103.     Paragraph 103 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 103 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 103 partially quotes from an

interview of Mr. Gharegozlou.  Without admitting to any facts asserted therein, Defendants refer

the Court to the full recording of the interview itself for a complete and accurate depiction of its

contents and the context of the partial quotations found in paragraph 103.  Defendants deny any

allegations or characterizations based on this interview, and reserve all rights with regard to the

existence, authenticity, accuracy, and admissibility of this interview.  Defendants otherwise deny

the allegations in paragraph 103 of the Complaint.

104.    Paragraph 104 of the Complaint contains arguments that require no response.  To

the extent that paragraph 104 of the Complaint contains factual allegations or otherwise requires

a response, Defendants admit that paragraph 104 partially quotes from an interview of Mr.

Gharegozlou.  Without admitting to any facts asserted therein, Defendants refer the Court to the

full recording of the interview itself for a complete and accurate depiction of its contents and the

context of the partial quotations found in paragraph 104.  Defendants deny any allegations or

characterizations based on this interview, and reserve all rights with regard to the existence,

authenticity, accuracy, and admissibility of this interview.  Defendants otherwise deny the

allegations in paragraph 104 of the Complaint.

105.    Paragraph 105 of the Complaint contains arguments that require no response.  To

the extent that paragraph 105 of the Complaint contains factual allegations or otherwise requires

a response, Defendants admit that paragraph 105 partially quotes from an interview of Mr.

Gharegozlou.  Without admitting to any facts asserted therein, Defendants refer the Court to the

full recording of the interview itself for a complete and accurate depiction of its contents and the

context of the partial quotations found in paragraph 105.  Defendants deny any allegations or

characterizations based on this interview, and reserve all rights with regard to the existence,

authenticity, accuracy, and admissibility of this interview.  Defendants otherwise deny the allegations in paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint contains arguments that require no response.  To the extent that paragraph 106 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that the footnote to paragraph 106 partially quotes from an article published by a third party.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the article itself for a complete and accurate depiction of its contents and the context of the partial quote found in the footnote to paragraph 106.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this article.  Defendants otherwise deny the allegations in paragraph 106 of the Complaint.

107.    Defendants admit that paragraph 107 partially quotes a page of the Flow.com website.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the webpage itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 107.  Defendants deny any allegations or characterizations based on this webpage, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this webpage.  Defendants otherwise deny the allegations in paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint contains arguments and opinions that require no response.  To the extent that paragraph 108 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 108 partially quotes from a third-party analyst report.  Without admitting to any facts asserted therein, Defendants refer the Court to the full text of the report itself for a complete and accurate depiction of its contents and the

context of the partial quote found in paragraph 108.  Defendants deny any allegations or characterizations based on this article, and reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of this report.  Defendants otherwise deny the allegations in paragraph 108 of the Complaint.

109.    Paragraph 109 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 109 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 109 of the Complaint.

110.    Paragraph 110 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 110 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 110 of the Complaint.

111.    Paragraph 111 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 111 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint contains arguments that require no response.  To the extent that paragraph 112 of the Complaint contains factual allegations or otherwise requires a response, Defendants admit that paragraph 112 partially quotes from an interview of Mr. Gharegozlou.  Without admitting to any facts asserted therein, Defendants refer the Court to the full recording of the interview itself for a complete and accurate depiction of its contents and the context of the partial quote found in paragraph 112.  Defendants deny any allegations or characterizations based on this interview, and reserve all rights with regard to the existence,

authenticity, accuracy, and admissibility of this interview.  Defendants otherwise deny the allegations in paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 113 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 113 of the Complaint.

114.    Paragraph 114 of the Complaint contains legal conclusions that require no response.  To the extent that paragraph 114 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 114 of the Complaint.

115.    Paragraph 115 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 115 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 115 of the Complaint.

116.    Paragraph 116 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 116 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 117 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 117 of the Complaint.

118.     Paragraph 118 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 118 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 118 of the Complaint.

119.     Paragraph 119 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 119 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 119 of the Complaint.

120.     Defendants repeat and re-allege each and every answer of the proceeding paragraphs with the same force and effect as though fully set forth herein.  Paragraph 120 of the Complaint is a legal conclusion that requires no response.  To the extent that paragraph 120 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 120 of the Complaint.

121.     Paragraph 121 of the Complaint is a legal conclusion that requires no response. To the extent that paragraph 121 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 121 of the Complaint.

122.     Paragraph 122 of the Complaint is a legal conclusion that requires no response. To the extent that paragraph 122 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 122 of the Complaint.

123.     Paragraph 123 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 123 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 123 of the Complaint.

124.     Paragraph 124 of the Complaint is a legal conclusion that requires no response. To the extent that paragraph 124 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 124 of the Complaint.

125.     Paragraph 125 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 125 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 125 of the Complaint.

126.     Paragraph 126 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 126 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 126 of the Complaint.

127.     Defendants repeat and re-allege each and every answer of the proceeding paragraphs with the same force and effect as though fully set forth herein.  Paragraph 127 of the Complaint is a legal conclusion that requires no response.  To the extent that paragraph 127 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 127 of the Complaint.

128.     Paragraph 128 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 128 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 128 of the Complaint.

129.     Paragraph 129 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 129 of the Complaint contains

factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 129 of the Complaint.

130.    Paragraph 130 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 130 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 130 of the Complaint.

131.    Paragraph 131 of the Complaint contains arguments, opinions, and legal conclusions that require no response.  To the extent that paragraph 131 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 131 of the Complaint.

132.    Paragraph 132 of the Complaint contains legal conclusions that require no response.  To the extent that paragraph 132 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 132 of the Complaint and specifically deny that any relief should be awarded.

133.    Paragraph 133 of the Complaint is a legal conclusion that requires no response. To the extent that paragraph 133 of the Complaint contains factual allegations or otherwise requires a response, Defendants deny the allegations in paragraph 133 of the Complaint.

## DEFENSES

Defendants' defenses to Plaintiffs' Complaint are set forth below.  By setting forth the following allegations and defenses, however, Defendants do not assume the burden of proof on matters and issues other than those on which Defendants have the burden of proof as a matter of law.

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

The Complaint fails to state facts sufficient to state a claim upon which relief can be granted.

### SECOND DEFENSE: MOMENTS ARE NOT A SECURITY

The Moments transactions alleged in the Complaint did not involve the sale of an investment contract and therefore were not securities transactions.

### THIRD DEFENSE: STATUTE OF LIMITATIONS

Plaintiffs' and members of the putative class' claims are barred in whole or in part by an applicable statute of limitations.

### FOURTH DEFENSE: LACK OF EXTRATERRITORIAL JURISDICTION

Plaintiffs lack extraterritorial jurisdiction over all or some of the Moment transactions alleged in the Complaint that took place outside the United States.

### FIFTH DEFENSE: NO CONTROL PERSON LIABILITY

Plaintiffs' and members of the putative class' claims are barred in whole or in part because Plaintiffs cannot establish the primary liability or control necessary to assert control person liability.

### SIXTH DEFENSE: EXEMPTION FROM REGISTRATION

If Plaintiff establishes that Moments are a security–which is denied–Plaintiffs' claims and the claims of the putative class, will be barred, in whole or in part, because the alleged

transactions are exempt from the registration requirements of the Securities Act of 1933 and the regulations promulgated thereunder.

## SEVENTH DEFENSE: INDIRECT PURCHASERS HAVE NO STANDING

Defendants are not liable to Plaintiffs and members of the putative class to the extent Plaintiffs and members of the putative class did not purchase Moments directly from Defendants and have no privity with Defendants.

## EIGHTH DEFENSE: NO DAMAGES

The claims asserted in the Complaint are barred because Plaintiffs and the putative class have sustained no legally cognizable damage.

## NINTH DEFENSE: *IN PARI DELICTO*

The claims asserted in the Complaint, and any damages or other relief sought thereunder, are barred in whole or in part by the doctrine of *in pari delicto*.

## RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses available, and therefore, reserve the right in accordance with applicable law, pending completion of discovery, to amend or supplement their Answer to assert any additional defenses that may exist.

///

///

///

Dated:  March 15, 2023

PAUL HASTINGS LLP

*/s/ Kenneth P. Herzinger*
Kenneth P. Herzinger
Sean D. Unger (*Pro Hac Vice*)
Erin Zatlin (*Pro Hac Vice*)
101 California Street, 48th Floor
San Francisco, CA 94111
Tel: 415-856-7000
kennethherzinger@paulhastings.com
seanunger@paulhastings.com
erinzatlin@paulhastings.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Kenneth P. Herzinger, certify pursuant to 28 U.S.C. § 1746 as follows:

I am associated with Paul Hastings LLP, 101 California Street, Forty-Eighth Floor, San Francisco, CA 94111 and am counsel of record for Defendants Dapper Labs, Inc. and Roham Gharegozlou in this action.  I hereby certify that on March 15, 2023, I caused to be filed the foregoing document entitled ANSWER OF DEFENDANTS DAPPER LABS, INC. AND ROHAM GHAREGOZLOU TO PLAINTIFFS' AMENDED COMPLAINT dated March 15, 2023 via the Court's ECF filing system, which will provide electric notice of the same to all counsel of record in this action.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  March 15, 2023                    PAUL HASTINGS LLP

*/s/ Kenneth P. Herzinger*
Kenneth P. Herzinger
101 California Street, 48th Floor
San Francisco, CA 94111
Tel: 415-856-7000
kennethherzinger@paulhastings.com

*Attorneys for Defendants*