April 17, 2023

**By ECF**

The Honorable Victor Marrero
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 1060
New York, NY 10007-1312

      Re: *Friel v. Dapper Labs, Inc., et al.,* Case No. 21-cv-05837-VM (S.D.N.Y.)

Dear Judge Marrero:

      Plaintiffs and Defendants Dapper Labs, Inc. ("Dapper Labs") and Roham Gharegozlou (Dapper Labs and Gharegozlou, collectively, "Defendants") submit this joint letter pursuant to the Court's Order, Dkt. No. 45.

1. Brief Description of the Case

Plaintiffs' Description of the Case

      This is a securities class action alleging that Defendant Dapper Labs sold unregistered securities under Section 5 and 12(a)(1) of the Securities Act. The action also alleges control person liability under Section 15 of the Securities Act against Defendant Gharegozlou, who is the founder and Chief Executive Officer of Dapper Labs.

      Plaintiffs allege that Defendants operate an application called NBA Top Shot that promotes, offers, and sells unregistered securities known as NBA Top Shot Moments (or "Moments"). NBA Top Shot resides on Dapper Labs' Flow blockchain, and the Moments that are bought and sold in NBA Top Shot are a type of digital asset known as a non-fungible token ("NFT"). After they are purchased from Dapper Labs, the Moments can be resold in the secondary Marketplace, which is controlled by Dapper Labs and in which Dapper Labs receives a transaction fee on all transactions. Plaintiffs believe that Moments are securities under the test that the Supreme Court established in *SEC v. W.J. Howey Co.*, because they involve (i) an investment of money; (ii) in a common enterprise; (iii) with the expectation of profits to be derived solely from the efforts of others. 328 U.S. 293, 298-99 (1946). Whether Moments satisfy all the prongs of the *Howey* test – and are therefore securities that must be registered with the SEC – are the key questions for which Plaintiffs require discovery in this case.

Defendants' Description of the Case

      ***Defendants' Description of the Case***: Digital basketball cards are collectable consumer goods. Plaintiffs have alleged that under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), NBA Top Shot Moments—digital basketball cards which reflect different players, different teams, and different plays—should be treated to the same registration requirements as Apple stock.

They should not because the sale of consumer goods such as NBA Top Shot Moments is not the sale of securities.

*Key Factual Issues*: Defendants anticipate that discovery will focus on disputed facts already identified across the complaint and answer, as well as on facts bearing on various *Howey* prongs, class-certification, and the defenses Defendants have asserted.  A non-exhaustive list includes:

- Whether in selling its digital basketball cards, Dapper Labs acted as a seller of goods or a seeker of venture capital?

- Whether the value of individual digital basketball cards could and did move independently from other cards based on a card's varying and distinct features like the team, the player, and the play?

- Whether the value of individual digital basketball cards is directly correlated with Dapper Labs' profitability or the value of the FLOW token?

- Whether Dapper Labs promised card buyers profits when it sold its digital basketball cards as cards, emphasized fandom, and targeted connections to teams, players, and plays?

- Whether Flow is a private blockchain or a public blockchain given that Flow's software and code are open-source, anyone can deploy smart contracts on Flow, and more than two-thirds of the consensus nodes needed to control the Flow blockchain are owned by persons or entities other than Dapper Labs?

*Key Legal Issues*: The legal issues presented by this case are many and varied.  They impact both class certification and the merits.  Under existing law, the answers to these questions compel denial of class certification and judgment on the merits in Defendants' favor.  A few examples include:

- Whether Plaintiffs can meet their burden of proof when persuasive Circuit-level authority holds that *Howey*'s horizontal commonality test can only be satisfied when "investors . . . obtain[] the same thing, namely an undivided share in the same pool of assets and profits," and the consumer Plaintiffs here did not do so?

- Whether controlling Second Circuit law compels that judgment be entered in Defendants' favor given that the facts will show that consumers who owned individual, and distinct cards, could, if they chose to sell them, "make profits or sustain losses independent of the fortunes" of other consumers who bought different cards?

- Whether Plaintiffs' theory can be reconciled with *United Housing Found., Inc. v. Forman*, 421 U.S. 837 (1975) given that Dapper Labs sold these digital basketball cards (consumer goods) to consumers (fans and collectors) to express their fandom in the way that fandom is expressed through many other sports-related memorabilia sales?

- Whether Plaintiffs' theory tying Moments (the digital basketball cards) to the

development of Flow blockchain for *Howey* purposes is legally tenable when (a) the facts will show no promises were made to consumers buying cards, express or implied, regarding the development of Flow blockchain, but regardless (b) persuasive Circuit- level authority holds that the "mere fact that an assurance of development to each investor may have come from the same seller does not satisfy the requirement of horizontal commonality"?

2. Any Contemplated Motions

Plaintiffs plan to move for class certification. Defendants plan to move for summary judgment. The parties have proposed dates for these contemplated motions in the Civil Case Management Plan and Scheduling Order.

3. The Prospect for Settlement

Consistent with the proposed Civil Case Management Plan and Scheduling Order ("CMP"), the parties will discuss the topic of settlement in advance of the settlement conference deadline set forth in the CMP.

4. Whether the Parties Consent to Proceed for all Purposes before the Magistrate Judge

The parties do not consent to proceed for all purposes before the Magistrate Judge designated for this action.

Respectfully submitted,

| **THE ROSEN LAW FIRM, P.A.** | **PAUL HASTINGS LLP** |
|---|---|
| /s/ Phillip Kim | /s/ Kenneth P. Herzinger |
| Phillip Kim | Kenneth P. Herzinger |
| Laurence M. Rosen | Sean D. Unger |
| Michael Cohen | Derek Evan Wetmore |
| 275 Madison Avenue, 40th Floor | 101 California Street, 48th Floor |
| New York, New York 10016 | San Francisco, California, 94111 |
| Telephone: (212) 686-1060 | Telephone: (415) 856-7000 |
| Fax: (212) 202-3827 | Fax: (415) 856-7100 |
| Email: pkim@rosenlegal.com | Email: kennethherzinger@paulhastings.com |
| Email: lrosen@rosenlegal.com | Email: seanunger@paulhastings.com |
| Email: mcohen@rosenlegal.com | Email: derekwetmore@paulhastings.com |
| *Counsel for Plaintiffs and the Class* | *Counsel for Defendants Dapper Labs, Inc. and Roham Gharegozlou* |