UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEEUN FRIEL, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>       v.<br><br>DAPPER LABS, INC., and ROHAM GHAREGOZLOU,<br><br>       Defendants. | Case No: 1:21-cv-05837-VM<br><br><u>CLASS ACTION</u><br><br>Hon. Victor Marrero |

**[STIPULATED] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

VICTOR MARRERO, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.          With respect to "Discovery Material" (*i.e.*, any information contained in documents, testimony taken at depositions or hearings and transcripts thereof, deposition exhibits,

interrogatory responses, or responses to requests for admissions, and any other information or material produced, given, or exchanged in this action, regardless of the medium or manner in which it is or was generated, stored, or maintained) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2.       The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate a document or information as Confidential only if the designating party reasonably and in good faith believes the document or information consist of, reflect, or relate to:

(a)      previously non-disclosed financial information that the designating party reasonably and in good faith believes constitutes proprietary business information;

(b)      previously non-disclosed material relating to ownership or control of any non-public company that the designating party reasonably and in good faith believes constitutes proprietary business information;

(c)      previously non-disclosed business plans, product-development information, marketing plans, trade secrets, and/or information that the designating party reasonably and in good faith believes constitutes proprietary business information that would have diminished value and/or would negatively affect the designating party's business by public disclosure;

(d)      personal financial information or any other information of a personal or intimate nature regarding any individual, including but not limited to a third party;

(e)      any other information prohibited from disclosure under applicable federal,

2

state, or foreign data protection laws, including, without limitation, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information), the Health Insurance Portability and Accountability Act (HIPAA) and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information), and the General Data Protection Regulation (GDPR), 2016/679 of the European Parliament and of the Council of 27 April 2016, and repealing Directive 95/46/EC (EU personal data); or

(f)    any other category of information given confidential status by this Court after the date of this Order.

3.    Each Producing Party that designates Discovery Material as "Confidential" pursuant to this Order will make reasonable efforts to limit any such designation to specific material that qualifies under the appropriate standards, where reasonably feasible and commercially appropriate. Discovery Material shall not be considered "Confidential" if it is publicly available. If it comes to a designating Producing Party's attention that information or items that it designated for protection do not qualify for protection, that Producing Party must promptly notify all other Parties that it is withdrawing the designation.

4.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or information in a manner that will not interfere with legibility or audibility.

5.    All information derived from Confidential Discovery Material, including but not limited to extracts, summaries, compilations and descriptions of such material, and notes, electronic images or databases containing Confidential Discovery Material, shall be treated as

3

"Confidential" in accordance with the provisions of this Order to the same extent as the Confidential Discovery Material or information from which such extract, summary, compilation, description, note, electronic image, or database is made or derived.

6.        A Producing Party or its counsel may designate deposition exhibits or all or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7.        If corrected, an inadvertent failure to designate Discovery Material "Confidential" does not waive or alter the Producing Party's right to secure protection under this Order for such material provided that the Producing Party notifies the other Party, in writing, within a reasonable time after becoming aware that the Discovery Material was not properly designated. Such Discovery Material shall be subject to this Order as if it had been initially so designated. Treatment of inadvertently produced "Confidential" material in a manner inconsistent with this Order prior to notice of such inadvertent production is not a breach of this Order. If, prior to receiving such notice, a receiving Party has disclosed the Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the

Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Discovery Material.

8.　　　　Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9.　　　　Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)　　the Parties to this action, their insurers (including reinsurers), and counsel to their insurers;

(b)　　counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)　　outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)　　any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)　　as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)　　any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)　　any person a Party retains to serve as an expert witness or otherwise provide

specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)    this Court, including any appellate court, its support personnel, and court reporters.

10.    Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d), 9(f), or 9(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.    If, during the taking of a witness's testimony at a deposition, court hearing, or trial, a witness refuses to sign the Non-Disclosure Agreement, the Party may not show any Confidential Discovery Material to such witness unless (1) the witness is an author, addressee, or recipient of the Confidential Discovery Material; or (2) the witness reads the Confidentiality Agreement and Protective Order and the witness then agrees on the record under oath to be bound by it.  Regardless of whether or not the witness signs the Non-Disclosure Agreement, the witness shall not be allowed to retain copies of the Confidential Discovery Material.

12.    This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the

confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

13.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule II.H of this Court's Individual Rules of Practices, the Parties shall file an unredacted copy of the Confidential Court Submission under seal either by hard copy or electronically through the court's Electronic Case Filing System. The Party (or Parties) requesting approval of a sealed or redacted filing must identify all parties and/or case participants that the Party believes should be granted access to the sealed or unredacted versions of the proposed filings.

14.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule III of this Court's Individual Practices but shall treat such information as Confidential (including in its submissions under Rule III) until such time as the Court rules otherwise. The burden of persuasion in any such challenge proceeding is as provided by applicable law.

15.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule III of this Court's Individual Practices but shall

endeavor, in good faith, to honor the requested additional protections (including in its submissions under Rule III) until such time as the Court rules otherwise.

16.            Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17.            Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 20 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18.            Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.            The provisions of this Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the action. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—

including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

20.    This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

21.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**.

**SO ORDERED.**

Dated: July _____, 2023

_____
**HON. VICTOR MARRERO**
**UNITED STATES DISTRICT JUDGE**

Dated: July 13, 2023                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ *Phillip Kim*
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
Michael Cohen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel: (212) 686-1060
pkim@rosenlegal.com
lrosen@rosenlegal.com
mcohen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and Class*

**PAUL HASTINGS, LLP**

/s/ *Kenneth P. Herzinger*
Kenneth P. Herzinger, Esq.
Sean D. Unger, Esq.
Erin Zatlin, Esq.
101 California Street, 48th Floor
San Francisco, CA 94111
Tel: (415) 856-7000
kennethherzinger@paulhastings.com
seanunger@paulhastings.com
erinzatlin@paulhastings.com

*Attorneys for Defendants*

### Exhibit A

(to Stipulated Confidentiality Agreement and Protective Order)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEEUN FRIEL, Individually and On Behalf of All Others Similarly Situated, | Case No: 1:21-cv-05837-VM |
|      Plaintiff, | |
|      v. | |
| DAPPER LABS, INC., and ROHAM GHAREGOZLOU, | |
|      Defendants. | |

### NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name: _____

Date: _____

**CERTIFICATE OF SERVICE**

I, Kenneth P. Herzinger, certify pursuant to 28 U.S.C. § 1746 as follows:

I am associated with Paul Hastings LLP, 101 California Street, Forty-Eighth Floor, San Francisco, CA 94111 and am counsel of record for Defendants Dapper Labs, Inc. and Roham Gharegozlou in this action. I hereby certify that on July 13, 2023, I caused to be filed the foregoing document entitled [STIPULATED] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER dated July 13, 2023 via the Court's ECF filing system, which will provide electric notice of the same to all counsel of record in this action.

Dated: July 13, 2023                        PAUL HASTINGS, LLP

                                           /s/ *Kenneth P. Herzinger*
                                           Kenneth P. Herzinger, Esq.
                                           101 California Street, 48th Floor
                                           San Francisco, CA 94111
                                           Tel: (415) 856-7000
                                           kennethherzinger@paulhastings.com

                                           *Attorneys for Defendants*