**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEEUN FRIEL, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAPPER LABS, INC. AND ROHAM GHAREGOZLOU,<br><br>Defendants. | Case No.: 1:21-cv-05837-VM |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS**

Lead Plaintiff Gary Leuis and Named Plaintiff John Austin ("Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this reply memorandum of law in further support of their motions for: (I) Final Approval of the Class Action Settlement and Plan of Allocation (Dkt. No. 79); and (II) An Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and an Award to Plaintiffs (Dkt. No. 75) (the "Motions"). Plaintiffs also submit the Supplemental Declaration of Sarah Evans Concerning: (A) Emailing of Summary Notice and Mailing of Postcard Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date, dated September 19, 2024 ("Supp. Evans Decl."), filed concurrently herewith, in support of their Motions.[1]

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested Awards to Plaintiffs, or to opt out of the Settlement Class, was August 30, 2024. Since the filing of the Declaration of Sarah Evans Concerning: (A) Emailing of the Summary Notice and Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Initial Mailing Declaration") (Dkt. No. 81-1), SCS has received an additional 23 requests for exclusion; of these, nine are valid and received timely, six are valid but received after the August 30, 2024 deadline, and the remaining eight are invalid. Supp. Evans Decl. ¶7. In addition, of the 146 exclusion requests that were listed as invalid as of the filing of the Initial Mailing Declaration, SCS has since received additional materials for 10 of these such that eight are now cured and considered valid and timely, while the remaining two are valid but received after the August 30, 2024 deadline. *Id*. SCS has now received a total of 224 requests for exclusion from this

---

[1] Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement, filed June 3, 2024 (Dkt. No. 67) ("Stipulation").

1

Settlement, of which 72 are valid and timely, eight are valid but submitted after the August 30, 2024 deadline, and 144 are invalid. *Id.*; Ex. A to Supp. Evans Decl. Plaintiffs intend to accept the eight valid but untimely requests for exclusion, and accordingly have included them in the list of valid opt-outs in Exhibit A to the [Proposed] Order and Final Judgment.

As detailed in the Initial Mailing Declaration, one objection to the Settlement was received at the time of the Initial Mailing Declaration. Initial Mailing Decl. ¶12; Ex. F to Initial Mailing Decl. Since that time, no additional objections have been received. Supp. Evans Decl. ¶8.

Accordingly, the Settlement Class's reaction supports approval of the Settlement, the Plan of Allocation, and the requested attorneys' fees, expenses, and Awards to Plaintiffs. Therefore, the Court should enter the [Proposed] Order and Final Judgment, submitted concurrently herewith, and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards to Plaintiffs (Dkt. No. 75-1).

## I.  Plaintiffs and the Claims Administrator Completed the Court-Approved Notice Program

Pursuant to the Order Preliminarily Approving Class Action Settlement and Providing for Notice, dated June 4, 2024 (Dkt. No. 71), a comprehensive notice program was completed which included emailing the Summary Notice and links to the Long Notice and Claim Form, or mailing the Postcard Notice, to a total of 676,471 potential Settlement Class Members; disseminating the Summary Notice electronically over *GlobeNewswire* and *PR Newswire*; and publishing all relevant Settlement documents on the Claims Administrator's website. Initial Mailing Decl. ¶¶5-9.

The emailed Summary Notice directed Settlement Class Members to the Settlement website (www.frielvdapperlabssettlement.com) and informed Settlement Class Members of their right to: (i) submit an objection to any aspect of the Settlement or to the requested awards of attorneys' fees and expenses; or (ii) request exclusion from the Settlement Class. (Initial Mailing

2

Decl., Ex. A) (Dkt. No. 81-1 at 7-9). The Long Notice describes the Action and the Settlement, includes the Plan of Allocation, and informs Settlement Class Members of their rights, including their rights to file a claim, request to be excluded from, or object to any aspect of, the Settlement. (Initial Mailing Decl., Ex. B) (Dkt. No. 81-1 at 10-21). In response to the notice program, SCS has received 30,544 claims, representing a total of 3,813,827 Moments, with preliminary Recognized Losses of $25,464,391. Supp. Evans Decl. ¶9. These claims are currently undergoing quality assurance reviews. *Id*.

> **II.     That Only One Objection to the Settlement has been Received, and the Lack of Any Objection to the Request for Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs, Support Final Approval**

The deadline to object to any aspect of the Settlement was August 30, 2024. Only one objection to the Settlement has been received, and no objections have been received as to any aspect of the Plan of Allocation, the requested attorneys' fees and expenses, or the Awards to Plaintiffs. Initial Mailing Decl. ¶12; Ex. F; Supp. Evans Decl. ¶8.

"'[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry' into the fairness and adequacy of the settlement." *In re Signet Jewelers Ltd. Secs. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)). The Settlement Class's favorable reaction also supports approval of the Plan of Allocation. *Id.*; *see also In re Veeco Instruments Inc. Secs. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Additionally, the lack of any objection to the requested attorneys' fees and expenses, which were included in the Notice, supports awarding the amounts requested. *See In re Veeco*

3

*Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (class members' reaction to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) (that "no class members have explicitly objected to these attorneys' fees supports their award," and noting there were no objections to the requested expenses and finding "them to be reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application.").

Finally, the lack of any objections to the requested Awards to Plaintiffs also supports approval of this request. *See In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 2015 WL 6971424, at *13 (S.D.N.Y. Nov. 9, 2015) ("[N]o objections to the incentive awards have been made… Accordingly, the incentive awards are approved as reasonable."); *In re Flag Telecom Holdings*, 2010 WL 4537550, at *31 (granting lead plaintiff awards when "[n]o objections to these requests have been filed").

### III. The Paucity of Valid Exclusion Requests Supports Final Approval

The deadline to opt out of the Settlement was August 30, 2024. Although personalized notice was sent to 676,471 potential Settlement Class Members, SCS received only 80, including both timely and untimely, requests for exclusion from this Settlement. Initial Mailing Decl. ¶5; Supp. Evans Decl. ¶7.

The paucity of valid exclusion requests supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where 16 of approximately 1,500 class members requested exclusion, the "response demonstrate[d] strong support for the settlement");

4

*see also In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (34 requests for exclusion from nearly 400,000 mailed notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

Accordingly, the Settlement Class Members' overwhelmingly positive reaction to the Motions strongly supports their approval.

## CONCLUSION

For the reasons stated herein and in Plaintiffs' previously filed memoranda, Plaintiffs respectfully submit that the Court should enter the [Proposed] Order and Final Judgment, filed concurrently herewith, and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards to Plaintiffs (Dkt. No. 75-1).

Dated: September 20, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Phillip Kim*
Phillip Kim
Michael Cohen
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com
Email: mcohen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Phillip Kim*
Phillip Kim