**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEEUN FRIEL, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>DAPPER LABS, INC. AND ROHAM GHAREGOZLOU,<br><br>        Defendants. | Case No.: 1:21-cv-05837-VM |

# [PROPOSED] ORDER AND FINAL JUDGMENT

On the 27th day of September, 2024, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement, dated June 3, 2024 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that Notice substantially in the forms approved in the Court's Order Preliminarily Approving Class Action Settlement and Providing For Notice, dated June 4, 2024, ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, in accordance with the specifications set forth in the order; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the order's specifications;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1

1.      All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members and Defendants.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action. The Settlement Class is being certified for settlement purposes only.

4.      The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who purchased or acquired NBA Top Shot Moments ("Moments") during the Settlement Class Period of June 15, 2020 to December 27, 2021, both dates inclusive. Excluded

from the class are: (1) Defendants; (2) the officers and directors of Dapper Labs, Inc. ("Dapper") at all relevant times; (3) members of immediate families and their legal representatives, heirs, successors or assigns of any excluded Persons; and (4) any entity in which Defendants or any excluded Persons have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely submitted valid requests for exclusion in accordance with the specifications set forth in the Preliminary Approval Order.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Class Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.      The Court hereby finds that the forms and methods undertaken to notify the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27(a)(7) of the Securities Act, 15 U.S.C. § 77z-1, as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice or failed to file a timely claim in accordance with the specifications set forth in the Preliminary Approval Order. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court also hereby finds that Defendants provided notice pursuant to the

Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"). Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment, except those persons listed on Exhibit A to this Final Judgment.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Stipulation and Settlement, including the Settlement Amount of $4,000,000 and the Business Changes, are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Settlement Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Settlement Class Members, and Defendants. Accordingly, the Settlement embodied in the Settlement Stipulation is hereby finally approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Settlement Stipulation.

8. The Action and the Amended Complaint for Violation of the Securities Act of 1933 ("Complaint"), as well as all of the Released Claims, are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as and to the extent provided in the Settlement Stipulation and herein.

9. In accordance with the terms of the Settlement Stipulation, each of the Released Parties hereby forever releases, relinquishes, and discharges all other Released Parties from all Released Claims. The Released Parties, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims against any of the

Released Parties. This provision does not, however, bar any of the Released Parties from bringing an action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

10.     In accordance with the terms of the Settlement Stipulation, each of the Defendants, on behalf of themselves, and, as applicable, their heirs, executors, predecessors, successors, assigns, agents, and insurers, hereby forever releases, relinquishes, and discharges any and all Defendant Claims against the Class Representatives, Settlement Class Members, and Class Counsel which arise out of, concern or relate to the institution, prosecution, settlement, or dismissal of the Action.

11.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.     Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)     referred to or used against Defendants or against the Class Representatives or the Settlement Class as evidence of wrongdoing by anyone;

(b)     construed against Defendants or against the Class Representatives or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)     construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d) used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement Stipulation.

13. Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

14. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

15. There is no reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Class Counsel's application for an award of attorneys' fees and expenses and for awards to the Class Representatives for their participation in the Action on behalf of the Settlement Class.

17. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, this Order and Final Judgment shall be rendered null and void and be vacated. The terms and conditions of the Settlement Stipulation shall govern any termination or the effect of any termination thereof.

Dated: _____, 2024

                                        _____
HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**List of Valid Opt-Outs**

| Name |
| --- |
| Joseph Liu |
| Steven Montgomery |
| Steven Chea |
| Oriel Mano |
| Joseph Cordova |
| Jordan Crabtree |
| Christopher Lembo |
| Jonathan Las |
| Matthew Carusi |
| Abigail Barsky |
| Christopher White |
| Jack Dale |
| Brian Tran |
| Lawrence Mottola |
| Matthew Lipari |
| Stephanie SunPo Ng |
| Travis Lachmansingh |
| Albert Fu |
| Michael Tjebben |
| Chris Slotterback |
| Arie Rutgers |
| Steven Major |
| Scott Harris |
| Zachary Tinn |
| Edward Ronsman |
| Omri Green |
| Max Chern |
| James Hachem |
| Eric J Chapman |
| Andrew Beelitz |
| Carol Kennedy |
| Bennett Fuqua |
| Samuel Press |
| Patrick Dwyer |
| Randall Bozzini |
| Charles Donaldson |
| Christopher Kim |
| Laura Hill |

| Name |
| --- |
| Jeffrey Tomey |
| David Hill |
| Chris Hill |
| Angelo Montefusco |
| Scott Daniels |
| Brett Bergstrom |
| Brian Frick |
| Adam Gruse |
| Scott Goodbrand |
| Robbie Spencer |
| David Botello |
| Seung Lee |
| Martin Ilavsky |
| Michael Lozada |
| Matthew Brien |
| Andrew J. Sung |
| Josh Salisbury |
| Richard Tristan Garcia |
| Nikkolas Jachim |
| Antonio Laureano Figueroa |
| Cole Tobias |
| Daniel Gavin |
| Jason Pinto |
| Hayes Press |
| Goncalo Carvalho De Sousa Ferreira Da Silva |
| Varun Gumaste |
| Can Ozsoy |
| Carlo Bartolo |
| David Park |
| Eddie Cosentino |
| Joshua Wright |
| Michele Stemples |
| Denise Martin |
| John Brown |
| Michael John Chan |
| Jonathan Luk |
| Sean Naylor |
| Stephen Stern |
| Ting Wai Chung |

| Name |
|---|
| Andrew Flores |
| Stevie Ray Hernandez |
| Ryan Ford |