UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/29/2025
```

JEEUN FRIEL, Individually and on behalf of all others similarly situated,

        Plaintiff,

v.

DAPPER LABS, INC. AND ROHAM GHAREGOZLOU,

        Defendants.

Case No.: 1:21-cv-05837-VM

## ORDER GRANTING MOTION
## FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Lead Plaintiff Gary Leuis and Named Plaintiff John Austin (collectively, "Plaintiffs"), moved this Court for an order approving distribution of the Net Settlement Fund ("Motion"). Having reviewed and considered the materials submitted in support of the Motion, IT IS HEREBY ORDERED that:

1. The Court approves the administrative determinations of Strategic Claims Services ("SCS"), the Court-appointed Claims Administrator, in accepting and rejecting Proof of Claim and Release Forms ("Claims").[1]

2. The Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed to Authorized Claimants identified in Exhibits B-1 and B-2 to the Declaration of Sarah Evans Concerning the

---

[1] This Order incorporates by reference the definitions in the Stipulation of Settlement filed with the Court on June 3, 2024 (Dkt. No. 67), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

Results of the Claims Administration Process ("Evans Declaration" or "Evans Decl."), at the direction of Lead Counsel, The Rosen Law Firm, P.A. The Net Settlement Fund shall be distributed pursuant to the Stipulation and the Plan of Allocation set forth in the Notice of Pendency and Proposed Settlement of Class Action, pursuant to this Court's Order Preliminarily Approving Class Action Settlement and Providing for Notice (Dkt. No. 71).

3.  SCS's administrative determinations rejecting the ineligible or otherwise deficient Claims, set forth in Exhibit C to the Evans Declaration, are approved. Such Claims may not receive distributions from the Settlement Fund.

4.  Any Claims received after received after September 25, 2025, and any responses to deficiency and/or rejection notices received after October 15, 2025, are hereby rejected as untimely.

5.  All distribution checks shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Evans Declaration will irrevocably forfeit all recovery from the Settlement.

6.  If any balance remains in the Net Settlement Fund after at least six (6) months from the date of initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any

amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $5.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $5.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

7.   If any funds remain in the Net Settlement Fund six months after such second distribution, if undertaken, or if such second distribution is not undertaken, then such balance shall be contributed to the Howard University Law School Investor Justice and Education Clinic or any of its not-for-profit successors.

8.   SCS is hereby permitted (i) to discard paper or hard copies of Claims and supporting documents not less than one (1) year after the distribution of the Net Settlement Fund; and (ii) to destroy the electronic copies of the Claims and supporting documents not less than (3) years after all funds have been distributed.

9.   The Court hereby (a) releases and discharges all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, from any and all claims arising out of that involvement; and (b) bars all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or

taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to them pursuant to the terms of the Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and the Distribution Order.

10. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

**IT IS SO ORDERED.**

Dated: 12/29/2025

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE